# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASON BOLEN,[1] | Case No. 2:22-cv-01668-RFB-EJY |
| Petitioner, | **ORDER** |
| v. | |
| GABRIELA NAJERA, et al., | |
| Respondents. | |

Petitioner Jason Bolen submitted a *pro se* 28 U.S.C. § 2254 habeas petition, a motion for counsel, and an application to proceed *in forma pauperis* ("IFP") on October 3, 2022. (ECF Nos. 1, 1-1, 1-2.) Based on the information provided, on October 6, 2022, the Court found that Bolen was able to pay the full fee pursuant to 28 U.S.C. § 1915, so it denied his application to proceed IFP and ordered Bolen to pay the $5.00 filing fee before November 21, 2022. (ECF No. 3.) Bolen timely complied, paying the $5.00 filing fee on November 17, 2022. (ECF No. 5.) This matter now comes before the Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules") and for consideration of Bolen's motion for appointment of counsel. For the reasons discussed below, this Court directs service of the petition and grants Bolen's motion.

**I.    BACKGROUND**[2]

Bolen challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). <u>State of Nevada v. Jason Bolen</u>, Case No. C-18-334635-1. On

---

[1] Bolen's name is spelled "Bolden" in various state court records.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

August 27, 2019, the state court entered a judgment of conviction, pursuant to a jury trial, for four counts of attempted murder with the use of a deadly weapon, seven counts of discharging a firearm at or into an occupied structure, battery with the use of a deadly weapon, and ownership or possession of a firearm by a prohibited person. In total, Bolen was sentenced to an aggregate term of 336 to 1,920 months (28 to 160 years) in prison. Bolen appealed, and the Nevada Supreme Court affirmed on July 8, 2021. Bolen moved for rehearing. The Nevada Supreme Court denied rehearing but amended its previous order on September 23, 2021. Bolen moved for *en banc* reconsideration. The Nevada Supreme Court granted *en banc* reconsideration on February 3, 2022, but it again affirmed Bolen's judgment of conviction on August 4, 2022. Remittitur issued on August 30, 2022.

On October 4, 2021, Bolen filed a state petition for writ of habeas corpus and moved for the appointment of counsel. Jason Bolen v. Nevada Department of Corrections, Case No. A-21-842092-W. The state court summarily denied Bolen postconviction relief and denied his motion for the appointment of counsel on January 27, 2022. Bolen filed a postconviction appeal, and the Nevada Supreme Court reversed on September 15, 2022. In its reversal order, the Nevada Supreme Court found that the state court failed to include findings of fact and conclusions of law in its order, the state court abused its discretion in denying the petition without appointing postconviction counsel, and Bolen's petition contained claims requiring the development of facts outside the record. As such, the Nevada Supreme Court "remand[ed] this matter for the appointment of counsel to assist [Bolen] in the postconviction proceedings." It appears that the state court currently has a status check set in Bolen's postconviction case—case No. A-21-842092-W—for November 29, 2022.

Bolen transmitted his federal habeas petition on or about September 23, 2022. (ECF No. 1-1.) Bolen brings two claims: (1) his Fourteenth Amendment rights to due process and equal protection were violated because "the district court erred when it granted the State leave to file an information by affidavit," and (2) his Fifth and Fourteenth Amendment rights were violated because "the jury verdict was not supported by sufficient evidence." (Id.)

## II.  DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). A response is warranted in the instant case.[3]

This Court now turns to Bolen's motion for the appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Luna v. Kernan, 784 F.3d 640, 642 (9th Cir. 2015) (citing Lawrence v. Florida, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. Id. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are

---

[3] Although Bolen's state postconviction proceedings are ongoing, making any potential additional claims possibly unexhausted, his two current federal habeas claims appear to be exhausted from his direct appeal proceedings. Rose v. Lundy, 455 U.S. 509 (1982) (explaining that a federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised); 28 U.S.C. § 2254(b).

such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the petition and the motion for appointment of counsel, the Court will provisionally appoint the Federal Public Defender to represent Bolen. The Court finds that appointment of counsel is in the interests of justice given, among other things, the complexities of Bolen's claims and his lengthy aggregate sentence.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that the clerk file the 28 U.S.C. § 2254 habeas petition (ECF No. 1-1) and the motion for appointment of counsel (ECF No. 1-2).

**IT IS FURTHER ORDERED** that the clerk (1) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (2) electronically serve Respondents' counsel a copy of the petition (ECF No. 1-1), and (3) electronically provide Respondents' counsel a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required until further order.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 1-2) is granted.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve the Federal Public Defender a copy of this order and the petition (ECF No. 1-1). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Bolen by filing a notice of appearance or (2) indicate the office's inability to represent Bolen in these proceedings. If the Federal Public Defender is unable to represent Bolen, the Court will

appoint alternate counsel. Appointed counsel will represent Bolen in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

**IT IS FURTHER ORDERED** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Bolen remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that the clerk is directed to send a copy of this order to Bolen and the CJA Coordinator for this division.

Dated: January 19, 2023.

                                                            RICHARD F. BOULWARE, II
                                                            UNITED STATES DISTRICT COURT